## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY HOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-CV-682-JED-FHM |
| v. | ) | |
| | ) | |
| EMPIRE PETROLEUM PARTNERS, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| UNITED PATROLEUM TRANSPORTS, | ) | |
| INC., | ) | |
| | ) | |
| Third Party | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is plaintiff Jeremy Hooker's Motion to Remand and Brief in Support Thereof (Doc. 19) and defendant United Petroleum Transports, Inc.'s Motion to Dismiss Amended Complaint and Drop UPT as Defendant (Doc. 26). Both motions are opposed.

### I.     Background

Plaintiff operates two convenience stores located in Mayes County, Oklahoma. Plaintiff originally filed this lawsuit in the Mayes County, Oklahoma District Court against defendant Empire Petroleum Partners, LLC ("Empire Petroleum") asserting breach of contract claims for damages he incurred as a result of Empire Petroleum's alleged delivery of the wrong grade of fuel to plaintiff. (Doc. 2). Empire Petroleum, which is based in Delaware, removed this action to federal court on December 2, 2015 based on diversity jurisdiction. (*Id.*). Diversity jurisdiction requires diversity of citizenship and an amount in controversy exceeding $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

On December 23, 2015, Empire Petroleum filed a third party complaint against United Petroleum Transports, Inc. ("UPT"), an Oklahoma corporation that, pursuant to a contract with Empire Petroleum, transports fuel to Empire Petroleum's customers.  In its third party complaint, Empire Petroleum asserted that the "damages, if any, sustained by [plaintiff] are the result of the conduct of UPT in its delivery of the 89 octane gasoline to [plaintiff.]"  (Doc. 13, ¶ 11).   On December 31, 2015, plaintiff filed his Unopposed Motion for Leave to File Amended Complaint (Doc. 15) to add UPT as a defendant to the case, which the Court granted by minute order (Doc. 16).  Plaintiff subsequently filed his Amended Complaint on January 8, 2016 (Doc. 18), and his Motion to Remand on January 13, 2016 (Doc. 19).

## II.     Plaintiff's Motion to Remand and Brief in Support Thereof (Doc. 19)

Plaintiff's Motion requests that the Court remand this case to Oklahoma state court because the Amended Complaint adding UPT as a defendant deprives this Court of diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 19 at 1).  UPT's Response incorporates by reference the arguments made in its Motion to Dismiss Amended Complaint and Drop UPT as Defendant (Doc. 26), specifically that UPT was improperly joined as a defendant and that the Court should dismiss UPT in lieu of remanding the case. (Doc. 27 at 1).

28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  A district court has discretion to assess whether joinder is proper, and "'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .'" *McPhail v. Deere & Co.*, 529 F.3d

947, 952 (10th Cir. 2008) (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

The Court's January 4, 2016 minute order granted plaintiff's request under Fed. R. Civ. P. 15(a)(2) to amend the complaint and add UPT, a then-third party defendant, as a defendant in the case. *See* Fed. R. Civ. P. 15(a)(2) (allowing amendments only with leave of the opposing party or the court). The plaintiff's motion requesting leave to amend the complaint (Doc. 15) altogether failed to mention that joinder of UPT would defeat diversity. Nonetheless, the Court now states for the record that joinder is appropriate under the Tenth Circuit's guidelines. *See McPhail*, 529 F.3d at 952. Specifically, adding UPT as a party within a month of the case's removal to federal court resulted in no undue prejudice to any party, particularly because UPT was already a third party defendant in the case. Moreover, plaintiff's request was not unduly nor inexplicably delayed, as he requested to add UPT as a defendant within one week of Empire Petroleum filing its third party complaint alleging that UPT was responsible for plaintiff's damages. Finally, the Court determines that plaintiff's request to amend was filed in good faith, despite UPT's argument that plaintiff was already aware of UPT "and its role in delivering fuel to Plaintiff's convenience stores" (Doc. 26 at 8). [1] The Court is persuaded that plaintiff first learned of UPT's potential liability to him—because UPT was responsible for loading the allegedly erroneous fuel—only after Empire Petroleum filed its third-party complaint against UPT which detailed the companies' relationship. (Doc. 13, ¶ 5; Doc. 29 at 7). Thus, the Court cannot state with certainty that plaintiff's motive in amending his complaint was solely to defeat diversity jurisdiction. When "the district court determines that joinder is appropriate, § 1447(e)

---

[1] Because UPT's Response to plaintiff's Motion to Remand (Doc. 27) incorporates by reference UPT's Motion to Dismiss Amended Complaint and Drop UPT as Defendant ("Motion to Dismiss") (Doc. 26), the Court finds it appropriate to refer to UPT's Motion to Dismiss (Doc. 26) and plaintiff's Response (Doc. 29) here.

requires remand to state court." *McPhail*, 529 F.3d at 952.  Accordingly, plaintiff's Motion to Remand and Brief in Support Thereof (Doc. 19) is **granted**.

III.   **United Petroleum Transports, Inc.'s Motion to Dismiss Amended Complaint and Drop UPT as Defendant (Doc. 26).**

UPT's Motion asserts that the Court's joinder of UPT as a defendant was improper and that the Court should dismiss UPT under Fed. R. Civ. P. 12(b)(1), or alternatively, exercise its discretion under Fed. R. Civ. P. 21 to drop UPT as a defendant.  In light of the Court's conclusion above that joinder in this case is proper and the case should be remanded to state court, UPT's Motion to Dismiss Amended Complaint is **denied**.

IV.   **Conclusion**

For the reasons stated, plaintiff Jeremy Hooker's Motion to Remand and Brief in Support Thereof (Doc. 19) is **granted** and defendant United Petroleum Transports, Inc.'s Motion to Dismiss Amended Complaint and Drop UPT as Defendant (Doc. 26) is **denied**.

**IT IS THEREFORE ORDERED** that this case is **remanded** to the Mayes County, Oklahoma District Court.

**SO ORDERED** this 19th day of September, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE